USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YIFAN SHI,

                              Petitioner,


            -against-                                    25-cv-9905 (LAK)


JUDITH ALMODOVAR, in her official capacity as Field
Office Director of Enforcement and Removal Operations,
New York City, Immigration and Customs
Enforcement; KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of Homeland Security;
PAMELA BONDI, in her official capacity as Attorney
General of the United States; EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

                              Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION


            Appearances:

                        Jed S. Wasserman
                        LAW OFFICE OF NG & WASSERMAN, PLLC
                        *Attorney for Petitioner*

                        Mostafa Khairy
                        Special Assistant United States Attorney
                        JAY CLAYTON
                        UNITED STATES ATTORNEY
                        *Attorney for Respondents*


LEWIS A. KAPLAN, *District Judge.*

            This case is the latest in a series of actions stemming from the current

administration's novel and unlawful interpretation of the Immigration and Nationality Act (the

"INA").   Since July of this year, U.S. Immigration and Customs Enforcement ("ICE") has interpreted INA Section 235(b)(2)(A) to mandate the detention – without bond  – of any immigrant who entered the country without inspection and who is not clearly and beyond doubt entitled to admission.  Consistent with that understanding of the law, ICE has arrested and redetained many noncitizens who previously were residing in this country on bond or their own recognizance while awaiting the outcome of their removal or asylum proceedings.  Petitioner Yifan Shi is one such individual.

Last month, this Court joined a multitude of other district courts across the country in holding that the current administration's purported use of INA Section 235(b)(2)(A) is illegal.[1] Consistent with that decision, Mr. Shi is entitled to habeas corpus relief.

*Facts*

*Petitioner's Immigration History*

Petitioner Yifan Shi is a citizen of China.[2]  He entered the United States illegally on April 1, 2023, and was encountered by a U.S. Customs and Border Patrol ("CBP") agent shortly thereafter.[3]  Because Mr. Shi was a noncitizen present in the United States without having been admitted or paroled, CBP charged him with removability pursuant to INA Section 212(a)(6)(A)(i)[4]

---

[1]   *Barco Mercado v. Francis*, No. 25-cv-6582 (S.D.N.Y. Nov. 26, 2025); *id.*, App. A.

[2]   Pet. Writ Habeas Corpus (Dkt 1) ¶ 15; Resp'ts' Dec. 5, 2025 Letter, Ex. A (Dkt 6-1) at 1

[3]   Resp'ts' Dec. 5, 2025 Letter (Dkt 6) at 1; *id.*, Ex. A (Dkt 6-1) at 3.

[4]   8 U.S.C. § 1182(a)(6)(A)(i).

and issued to him a Notice to Appear before the Immigration Court in New York.[5]  CBP then

released Mr. Shi on his own recognizance.[6]  In doing so, CBP invoked its authority under INA

Section 236.[7]  On March 28, 2024, Mr. Shi filed an application for asylum, which remains pending.[8]

*Current ICE Detention*

On November 26, 2025, acting pursuant to a warrant issued by the U.S. Department

of Homeland Security, ICE arrested Mr. Shi when he appeared for a scheduled check-in at 26

Federal Plaza, New York, NY 10278.[9]  Upon arresting Mr. Shi, ICE canceled his order of release

on recognizance purportedly because he "was taken into custody for removal."[10]

Mr. Shi filed this action for a writ of habeas corpus on November 26.  He has been

in custody at 26 Federal Plaza since that date.[11]

---

[5]     Resp'ts' Dec. 5, 2025 Letter, Ex. B (Dkt 6-2) at 1.

[6]     *Id.*, Ex. C (Dkt 6-3).

[7]     *Id.*; 8 U.S.C. § 1226.

[8]     Pet. Writ Habeas Corpus, Ex. C (Dkt 1).

[9]     Pet. Writ Habeas Corpus (Dkt 1) ¶ 41; Resp'ts' Dec. 5, 2025 Letter (Dkt 6) at 2.

[10]    Resp'ts' Dec. 5, 2025 Letter, Ex. C (Dkt 6-3).

[11]    It is undisputed that Respondent Judith Almodovar, the field office director of ICE's
Enforcement and Removal Operations in New York City at 26 Federal Plaza, had immediate
physical custody of Mr. Shi when Mr. Shi commenced this action.

*Prior Proceedings*

        In accordance with 28 U.S.C. § 2243, on December 3, 2025, the Court ordered respondents to show cause why the petition should not be granted.[12]  Respondents answered on December 5, 2025.  Because the parties do not dispute any material facts, the Court resolves the petition on the existing record.[13]

*Grounds for Habeas Relief*

        Mr. Shi challenges his arrest and detention. He argues that Section 235(b)(2)(A) does not apply to him because he entered and was residing in the country prior to being apprehended and placed in removal proceedings.  He argues that his detention should be governed instead by Section 236, under which he was previously released on his own recognizance.  He also alleges a violation of his rights under the Due Process Clause because he was detained without being afforded a bond redetermination hearing.

*Government's Response*

        Respondents' arguments opposing Mr. Shi's habeas petition mirror those that the respondents advanced in *Barco Mercado v. Francis*[14] and *Cunas Hurtado v. Genalo*.[15]  Respondents

---

[12]     Order (Dkt 4).

[13]     *See* 28 U.S.C. § 2243; *id.* § 2248.

[14]     No. 25-cv-6582 (S.D.N.Y. Nov. 26, 2025).

[15]     No. 25-cv-9172 (S.D.N.Y. Dec. 2, 2025).

offer no new arguments for why, in their view, Section 235(b)(2)(A) governs Mr. Shi's detention or why, if it does not, Mr. Shi has been afforded due process. Indeed, respondents agree that "[t]he principal legal issue in this case is the same as in *Barco Mercado* and *Hurtado*."[16] They agree further that the Court's "determination in *Barco Mercado* that [Section 236] applies under circumstances materially indistinguishable to [Mr. Shi] here . . . would resolve the petition if the Court adheres to it here."[17]

### *Discussion*

The Court adheres to its determination in *Barco Mercado* that Section 236 applies in circumstances materially indistinguishable to those of Mr. Shi here. As in *Barco Mercado*, detaining Mr. Shi pursuant to an inapplicable statute without any process violated his due process rights. As respondents have conceded, the Court's decision in *Barco Mercado* resolves this petition. Their only dispute here is their contention that the appropriate relief is to allow Mr. Shi to seek a bond hearing before an immigration judge under Section 236 while remaining in immigration detention. Granting Mr. Shi a bond hearing before an immigration judge would fail to remedy this constitutional violation and, moreover, would be futile.[18]

---

[16] Resp'ts' Dec. 5, 2025 Letter (Dkt 6) at 1.

[17] *Id.*

[18] Respondents claim that "an immigration judge would be required to hold ... a bond hearing" if the Court were to order one. Resp'ts' Dec. 5, 2025 Letter (Dkt 6) at 3. But in the absence of a statute, regulation, or a new controlling decision from the Board of Immigration Appeals ("BIA"), immigration judges will continue to be bound by the BIA's holding in *Matter of Yajure Hurtado* that "Immigration Judges lack authority to hear bond requests or to grant bond to aliens . . . who are present in the United States without admission." 29 I. & N. Dec. 216, 225 (B.I.A. 2025).

### *Conclusion*

For the foregoing reasons, Mr. Shi's petition for a writ of habeas corpus (Dkt 1) is granted. Respondents shall release Mr. Shi immediately and file with the Clerk of Court, no later than 4 p.m. on December 10, 2025, an affidavit or declaration confirming that they have released Mr. Shi as directed. Pending a final determination in his removal proceedings, Mr. Shi shall remain free of detention or any other restraint under the immigration laws of the United States to which he was not subject upon his release on personal recognizance on April 4, 2023.

SO ORDERED.

Dated: December 9, 2025
Issued at: *12:17 pm*

Lewis A. Kaplan
United States District Judge